IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SAMUEL JONES III,

    Plaintiff,

v.                                                CASE NO.: 1:08cv185-SPM/GRJ

WALGREEN CO.
d/b/a WALGREENS,

    Defendant.

_____/

**ORDER SETTING DEADLINE FOR**
**PLAINTIFF TO OBTAIN NEW COUNSEL**

       This cause comes before the Court on the pro se motion by Plaintiff Samuel Jones III to reopen and set aside the settlement of his case.  Doc. 138. Both Defendant and attorney Archibald J. Thomas, III, have filed responses to the motion as directed by the Court.  See docs.  139, 140, 142.

       The determination of whether a binding settlement agreement was reached by the parties is governed by principles of Florida contract law. Murchison v. Grand Cypress Hotel, Corp., 13 F.3d 1483, 1485-86 (11th Cir. 1994).  Under Florida contract law, an attorney may settle a client's case if the client has given him clear and unequivocal permission to do so.  Bursten v.

Green, 172 So.2d 472 474 (Fla. 2d Dist. Ct. App. 1965).  The client will then be bound by the settlement.  Id.  If, however, the attorney did not have authority to settle, the client will not be bound by the settlement unless the client subsequently ratifies or accepts the benefits of the settlement.  Id.; Nagymihaly v. Zipes, 353 So2d 943, 944 (Fla. 3d Dist. Ct. App. 1978).

Because there is a disputed issue of fact concerning whether Plaintiff gave attorney Thomas authority to settle, an evidentiary hearing will be needed to resolve the issue.  Murchison, 13 F.3d at 1486.  By separate order, the Court has allowed Attorney Thomas to withdraw as counsel for Plaintiff due to their conflicting positions on this matter.  In his motion, Plaintiff indicates that he has not been able to retain an attorney to take over this case and requests additional time to do so.  Accordingly, it is

ORDERED AND ADJUDGED:

1.	On or before February 29, 2012, Plaintiff shall file (1) a notice of appearance by his new lawyer, or (2) a request for more time to find a new lawyer along with a explanation of why additional time is needed, or (3) a written notice stating that he will proceed *pro se*, that is, to represent himself in this case.

2.	Failure of Plaintiff to comply with this order may result in the denial

of Plaintiff's motion to reopen and set aside the settlement of this case.

DONE AND ORDERED this 8th day of February, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge

CASE NO.: 1:08cv185-SPM/GRJ